**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:23-cv-81487-DMM**

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

      Plaintiff,

v.

BRANDON LABINER, ARIELLE
BERGMAN, and THE ESTATE OF
PAUL S. LABINER,

      Defendants.

_____/

## MOTION TO INTERVENE, ALTERNATIVELY FOR STAY OF PROCEEDING PENDING PROBATE COURT'S APPOINTMENT OF LIMITED ADMINISTRATOR *AD LITEM* FOR DEFENDANT ESTATE OF PAUL S. LABINER

COMES NOW, VINCENT DEL BORRELLO, individually, and as attorney in fact for FRANCINE DELL ("DEL BORRELLO"), HARRY KLAMPERT ("H. KLAMPERT"), and PHYLLIS KLAMPERT, a minor, by and through her guardian, JOANNA WATSON ("P. KLAMPERT") (collectively, "Movants"), through undersigned counsel, pursuant Rule 24 of the Federal Rules of Civil Procedure, move to intervene in this action as co-Defendants, or alternatively to temporarily stay this proceeding pending the Probate Court's appointment of limited Administrator Ad Litem for the Estate of Paul S. Labiner, as follows:

1.     <u>Summary of Grounds for Motion to Intervene</u>: Movants timely seek to intervene as co-Defendants to preserve and protect the rights and interests of Movants in the Estate of Paul S. Labiner, and the Estate's interest in and to the subject matter this Interpleader Action, *i.e.*, more than $2 million in a Death Benefit to be paid under the Decedent, Paul S. Labiner's contract with

Plaintiff ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA ("ALLIANZ").

Movants are the beneficiaries of three Trusts – the Francine Dell Revocable Trust dated May 27,

2020, the Marital Trust created under the Vincent Dell Revocable Trust dated May 27, 2020, and

the Vincent Del Borrello III Trust created under the Vincent Dell Revocable Trust dated May 17,

2020 (collectively, the "Trusts") – and are the principal creditors of the Estate of Paul S. Labiner

("Estate").[1] As Estate creditors, Movants seek to protect the Estate's rights in and to a portion of

the Death Benefit that is the subject of this action, and their ability to protect this interest may be

impaired or impeded as the Defendant ARIELLE BERGMAN ("BERGMAN")is conflicted and

cannot adequately represent the Estate's interests as Movants can. Defendant BERGMAN, who is

a 50% beneficiary of the Death Benefit at issue, also serves as Personal Representative of the

Estate of Paul S. Labiner, the only other named Defendant here.

2.     Based upon BERGMAN's recent filings in the Probate Court, it is anticipated that

BERGMAN will claim for herself the remaining 50% interest in the Death Benefit that would have

otherwise been paid to her brother, Brandon Labiner, had he not killed the Decedent Paul Labiner

on July 1, 2023. Due to his disqualification from the Death Benefit, Brandon's 50% share should

properly be paid into the Estate and not to BERGMAN, whose beneficial interest in the Death

Benefit is capped at 50%. Due to BERGMAN's personal interest in the remaining Death Benefit

being directly at odds with the Estate's interest, BERGMAN's ability to serve and protect the

---

[1]     Movants' claims against the Estate exceed $2.5 million and were preserved via numerous Statements of Claim. A civil lawsuit against the Estate and other Defendants, which predated the death of Decedent Paul Labiner, is pending in the probate division of the Palm Beach Circuit Court, Case No. 50-2022-CP-003558-XXXX-SB ("Probate Civil Action"). Movants' claims against Decedent arose during Mr. Labiner's tenure as Trustee of the Trusts. Between December 2021 and May 2022 Mr. Labiner permitted his former office manager unrestricted online access to the Trusts' bank accounts at City National Bank and resulted in numerous unauthorized transfers and the theft of more than $2.5 million of the Trusts' funds, which transfers were ongoing, undetected and undeterred by Mr. Labiner for several months.

interests of the Estate as its Personal Representative is compromised, and intervention is appropriate and necessary to protect the Estate's and Movants' interests. Absent intervention, there is a significant risk that the Estate's, and Movants' interests therein will not be adequately protected. As an alternative to intervention, Movants request this Court enter a temporary stay of the proceedings pending the Probate Court's appointment of a limited Administrator Ad Litem pursuant to Rule 5.120 of the Florida Probate Rules.[2]

      3.   <u>Facts Supporting Intervention</u>: The facts supporting intervention are largely drawn from the Interpleader Complaint [DE 1], as follows:

      a.   During his life, Decedent Paul Labiner enrolled in the Agent Deferred Compensation Plan where he deferred his compensation as an Allianz Life agent into a retirement benefit account. The Plan is to be governed and administered under Minnesota law. Interpleader Complaint, ¶7, 10.

      b.   Decedent Labiner also enrolled in the Death Benefit payout and designated two equal beneficiaries to receive the balance of the payment benefits in a lump sum following Decedent's death: 50% to his daughter, Defendant BERGMAN, and 50% to his son, Brandon Labiner. *Id.* at ¶¶8-9.

---

[2]    Rule 5.120 (Administrator Ad Litem and Guardian Ad Litem) provides in relevant part: "**(a) Appointment.** When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representative's or guardian's own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. . ." *R. 5.120 Fla. Prob. R.* Rule 5.120 sets out the procedure for applications and appointments of administrator ad litem. *See also Florida Statutes §733.308* ("When an estate must be represented and the personal representative is unable to do so, the court shall appoint an administrator ad litem without bond to represent the estate in that proceeding. The fact that the personal representative is seeking reimbursement for claims against the decedent does not require appointment of an administrator ad litem.")

c.      At the time of Decedent's death, the Death Benefit amount was valued at $2,154,394.25. *Id*. at ¶9.

d.      On July 1, 2023, Brandon Labiner killed his father the Decedent, and was criminally charged with first-degree murder, and under Minnesota law may be disqualified from taking his 50% portion of the Death Benefit. *Id*. at ¶13-15.

e.      Minnesota law provides that in the case of a "bond or other contractual arrangement" the Death Benefit "becomes payable as though the killer had predeceased the decedent." *Id*. at ¶15.

f.      Minnesota law also provides that in the case of a life insurance policy, upon notice to an insurance company that an "insured may have been intentionally and feloniously killed by one or more named beneficiaries . . . the insurance company shall, pending court order, withhold payment of the policy proceeds to all beneficiaries." *Id*.

g.      Following Brandon Labiner's killing of his father[3], the Decedent Paul Labiner, ALLIANZ is uncertain how to distribute the Death Benefit, given the competing claims to the Death Benefit that have been made or may be made by Defendants. *Id*. at ¶18, 20. By bringing the Interpleader Complaint, ALLIANZ effectively acknowledges the competing interests of the Defendants, and the conflict inherent in BERGMAN's dual (and dueling) roles.

h.      Indeed, any attempt by BERGMAN to claim more than 50% of the Death Benefit is contrary to her duty as Personal Representative, which includes a duty to Movants as creditors. *See Fla. Stat. §733.602* ("A personal representative shall use the authority conferred by this code, the authority of the will, if any, and the authority of any order of the court, for the best interest of interested persons, including creditors").

---

[3]      On November 15, 2023, one day after the Interpleader Complaint was filed, Brandon Labiner died in an apparent suicide while in custody awaiting trial.

i.      According to the Estate inventory filed by BERGMAN as personal representative, the Estate is valued at less than $76,000.

j.      Movants' claims against the Estate exceed $2.5 million and were preserved via numerous Statements of Claim filed in the Estate on behalf of the respective interests. Upon information and belief, Movants are the principal and largest unsecured claimants of liquidated sums against the Estate.[4]

k.      Prior to Decedent Paul Labiner's death, Movants commenced the Probate Civil Action for damages for breaches of statutory duty, breaches of fiduciary duty, professional negligence, and for vicarious liability for civil theft, which is pending in the Probate Court for Palm Beach County. A true and correct copy of Movants' Amended Complaint currently pending in Palm Beach County Probate Court is attached as **Exhibit "1"** hereto.

l.      Movants have obtained relief via an order granting summary judgment[5] against Defendant Janet Blissitt, Decedent Labiner's former office manager, to whom Labiner allowed unfettered access to the Trusts' accounts and who effectuated the unauthorized transfers and thefts from the Trusts. As the order entering summary judgment is The summary judgment order has yet to be reduced to judgment.

m.      As creditors of the Estate, Movants are real parties in interest in this proceeding, more particularly to the claims to be asserted by and on behalf of the Estate.

n.      On November 27, 2023, Joshual Mittelman, Esq., the attorney representing the Personal Representative BERGMAN filed a Waiver of the Service of Summons on behalf of

---

[4]     The Estate has no secured claimants.
[5]     As the order granting the summary judgment is subject to competing rehearing motions, the summary judgment order has yet to be reduced to judgment.

BERGMAN in both her capacities, individually and as Personal Representative of the Estate. See DE 4.

o.     On January 3, 2024, counsel for Movants inquired with counsel for the Personal Representative in the Probate Civil Action with regard to BERGMAN's conflict in this Interpleader action and was informed that the counsel for the Personal Representative was aware of the conflict and was in the process of appointing separate counsel to represent the Personal Representative in this proceeding. A copy of the January 3, 2024 correspondence and email are attached hereto as **Composite Exhibit "2."**

p.     The appointment of separate counsel for the Personal Representative in this proceeding is unavailing to Movants or to the Estate as BERGMAN, individually, would remain represented by Mr. Mittleman, who also represents the Personal Representative in the Estate proceeding.

q.     Similarly, the representation of the Personal Representative by separate counsel would imply additional cost to the Estate but no real benefit, as separate counsel would answer to the same Personal Representative that is conflicted, BERGMAN.

r.     In fact, no new counsel appointment or representation for BERGMAN in either capacity would redress the Defendants' conflict inherent to the Interpleader Complaint, nor adequately protect the interests of the Estate in and to the Death Benefit.

s.     On January 19, 2024, BERGMAN acknowledged she intends to pursue 100% of the Death Benefit from this Court and has petitioned the Probate Court for appointment of an Administrator Ad Litem due to the conflict.

t.      Movants also filed with the Probate Court their Petition for Appointment of Administrator Ad Litem to represent the interests of the Estate with regard to the Death Benefit and in this Proceeding.

## MEMORANDUM OF LAW

Rule 24(a), Federal Rules of Civil Procedure, in relevant part, provides that:

> (a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: . . .
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

### I.      Intervention as a Matter of Right

A party seeking to intervene as of right must show "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc*., 519 F.3d 1298, 1302 (11th Cir. 2008) (*citing Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). When the applicant makes the required showing, intervention must be permitted. *Stone v. First Union Corp*., 371 F.3d 1305 (11th Cir. 2004); *U.S. v. State of Ga.*, 19 F.3d 1388 (11th Cir. 1994). The Movant's motion for intervention meets each of the criteria identified in *Fox* and *Chiles*. Accordingly, the Movants' motion for intervention should be granted.

**A.      <u>The Motion to Intervene is Timely</u>**. The Movants' motion for intervention is timely in that this litigation is in its infancy, having only been filed on November 14, 2023, and the instant Motion was filed within two weeks of discovery of the Interpleader Complaint by

Movants' counsel. Furthermore, discovery has not commenced, the pleadings are not closed, and the Court has scheduled an initial scheduling conference on January 17, 2024.

In *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242 (11th Cir. 2002), the court emphasized that: "Timeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" 302 F.3d at 1259 (*quoting McDonald v. E.J. Lavino Co*., 430 F.2d 1065, 1074 (5th Cir. 1970).

The determination whether an intervention motion is timely does not necessarily turn on temporal considerations but whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Stallworth v. Monsanto Co.,* 558 F. 2d 257 (5th Cir. 1977). The issue is not how much prejudice would result from allowing intervention, but rather "how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." *Id*. at 265. Permitting intervention in the instant case will not delay or prejudice the adjudication of the rights of the original parties. The litigation is in its infancy. Discovery has not yet begun, and trial is not scheduled until July 29, 2024, although a Scheduling Conference is imminent, and is currently set for January 17, 2024. Furthermore, Movants have promptly pursued their remedies and filed the instant motion seeking to intervene, and there will be no delay or prejudice should the requested relief be granted.

Additionally, any consideration of "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied," clearly dictates that the Movants should be allowed to intervene. *Id*. at 265-66. Should intervention be disallowed, Movants, who are among the real parties in interest in the Estate, may be irreparably prejudiced in

that BERGMAN would likely seek to recover 100% of the Death Benefit, with no allowance for a recovery by the Estate, and freeze out Estate creditors such as Movants from receiving any portion of the Death Benefit as part of the Estate administration.

Therefore, a consideration of the relevant factors plainly demonstrates that this application is timely.

**B.**       **An Interest Relating to the Transaction Which is the Subject of the Action**. This element only requires the intervenor to demonstrate that they have a legally protectable interest. *See United States v. South Fla. Water Mgmt. Dist*., 922 F.2d 704, 707 (11th Cir. 1991). In order to show a cognizable interest, "the intervenor must be a real party in interest in the transaction such that he has a direct, substantial, legally protectable interest in the proceeding." *Meadowfield Apartments*, *Ltd. v. United States*, 261 Fed. Appx. at 196 (*citing Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996)). The interest must be one that is derived from a legal right and that the substantive law recognizes as belonging to or being owned by the movant *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.,* 425 F.3d 1308, 1311 (11th Cir. 2005).

In this case, the Movants have a legally cognizable interest as real parties in interest in protecting their rights with respect to the Estate. Indeed, while the Personal Representative may be the *nominal party* serving on behalf of the Estate, she serves in a representative capacity only, for the benefit of the real parties in interest, including the Estate's creditors, and Movants. *See Fla. Stat. 733.602(1)* (" …A personal representative shall use the authority conferred by this code, the authority in the will, if any, and the authority of any order of the court, *for the best interests of interested persons, including creditors*."); *see also DeVaughn v. DeVaughn*, 840 So. 2d 1128 (Fla. 5th DCA 2003)("The personal representative acts in a fiduciary capacity and has obligations to the creditors, the interested taxing authorities, and… the heirs."); *In re Morin's Estate*, 223 So. 2d 766

(Fla. 1st DCA 1969) ("The orderly probation of an estate is not solely for the interests of decedent's beneficiaries; it is equally for the protection of those who have valid claims against the estate."). Here, Movants possess more than $2.5 million in claims against the Estate that are unsatisfied and based upon the Estate Inventory filed by BERGMAN as Personal Representative, their claims may not be satisfied (not even partially) unless the 50% Death Benefit[6] at issue here is properly paid to the Estate. However, BERGMAN's own personal stake in the Death Benefit renders her incapable of adequately representing the interests of the Estate or its creditors such as Movants. In fact, the filing of the Interpleader Complaint, and identification of BERGMAN and the Estate as the sole Defendants with competing claims strongly supports a finding of adversity, and favors intervention.

Because probate matters involving estate administration typically arise in state courts, the most comparable circumstances demonstrating the BERGMAN's conflict herein involve wrongful death cases where the personal representative who is also a survivor has a "personal stake" in allocation of wrongful death settlement proceeds between survivors and the estate. In those cases, Florida courts have readily acknowledged the impermissible conflict between a personal representative whose personal interests in a wrongful death claim are adverse to the estate, and favor the appointment of an administrator ad litem to adequately protect the interests of the affected survivors/beneficiaries and the estate. *Continental National Bank v. Brill*, 636 So. 2d 782 (Fla. 3d DCA 1994)(holding that when a personal representative is also a survivor, and therefore has personal stake in allocation of wrongful death settlement proceeds between survivors and the estate, personal representative may have interest adverse to estate, and individual without self-interest may be appointed as administrator ad litem to equitably represent both estate and survivors

---

[6]     Movants do not take issue with and do not assert a claim against the 50% Death Benefit payment to BERGMAN, individually.

in wrongful death proceedings). *See Gomez v. R.J. Reynolds Tobacco Co.*, 357 So. 3d 198, n. 4 (Fla. 3d DCA 2023) (noting that "[a]n administrator ad litem can be appointed to represent the estate whenever a personal representative "is or may be interested adversely to the estate" or "the necessity arises otherwise" citing Florida Probate Rule 5.120(a)); *See also Lif v. In re Estate of Lif*, 325 So. 3d 968 (Fla. 3d DCA 2021) (denying certiorari seeking to quash probate court's order appointing an administrator ad litem of estate pursuant to Florida Probate Rule 5.120(a) to address allegations of decedent's daughter that wife had conflict of interest individually and as representative; allegations suggested serious breaches of fiduciary duty and presented a clear conflict of interest between estate and her as personal representative, and appointment only applied to matters in which wife had a conflict of interest and specifically set forth administrator's duties).

Although the instant case does not arise in a wrongful death context it does involve a dispute pertaining to a portion of a Death Benefit that is or should be claimed by the Estate adversely to BERGMAN's anticipated claim upon the same Death Benefit. Given BERGMAN's impossibly conflicted position, and the Movant's real interest as Estate creditors and in the Death Benefit, intervention is appropriate.

C. **Disposition of the Action, as a Practical Matter, May Impede or Impair the Movant for Intervention's Ability to Protect their Interests**. The test of practical impairment is a flexible one, *United States v. Texas E. Transmission Corp.*, 923 F.2d 410 (5th Cir. 1991), which can be met in a variety of contexts. *See Fleming v. Citizens for Albermarle, Inc.*, 577 F.2d 236 (4th Cir. 1978), *cert. denied*, 439 U.S. 1071, 99 S.Ct. 842, 59 L.Ed.2d 37 (1979) (citizens and taxpayers allowed to intervene in rezoning action alleging that plan would contaminate county water supply); *Natural Res. Def. Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977) (manufacturers' allowed to intervene in action brought to require rule making which would regulate the manufacturers'

industries); *United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) (residents of state mental health facility permitted to intervene in civil rights action brought by United States). Intervention is appropriate because Movants would be prejudiced if they are not permitted to intervene herein. As a practical matter, should the instant motion be denied, and the Estate not claim or adequately pursue the 50% Death Benefit due to the Personal Representative's insurmountable conflict, then Movants would potentially be entitled to pursue legal remedies against BERGMAN "after the fact" for breaches of fiduciary duties in a separate lawsuit, but this would present an inadequate and inefficient avenue for Movants to pursue their rights separately, and would certainly result in unnecessary delay, would result in entry of a paper judgment not a distribution from the Estate, and this could theoretically also result in conflicting judgments and decisional law.

The more practical means of addressing the obvious conflict is to permit intervention by Movants and to permit Movants to preserve and protect the Estate's claim and interest in the remaining 50% Death Benefit as a co-Defendant.

D.    **The Movants and Estates' Interests Are Represented Inadequately By the Existing Parties to the Suit**. It appears that the Movants bear the burden of proof to demonstrate inadequate representation, although the burden is usually described as "minimal." *Chiles*, 865 F.2d at 1214. As here, inadequate representation will most commonly be found when the interests of the existing parties are adverse to, or different from, those of the applicant for intervention. *See Thurman v. FDIC*, 889 F.2d 1441 (5th Cir. 1989). *See Stone v. First Union Corp.*, 371 F.3d 1305, 1312 (11th Cir. 2004) ("Although all of the plaintiffs allege to have been subject to the same plan of age discrimination, the manner in which they were discriminated against may not be identical."). However, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a

single action." *Federal Sav. & Loan v. Falls Chase Sp. Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993). Here, the rights of Movants are not adequately represented because BERGMAN is impossibly conflicted in her dual roles as Death Benefit Beneficiary and Personal Representative of the Estate there is a significant risk and likelihood that the Estate's claim to the remaining 50% Death Benefit, and Movants' interests therein, will be impaired or eradicated altogether.

To the extent that BERGMAN as the Personal Representative intends to appoint an "independent" counsel to represent the interests of the Estate, said counsel would still be answerable to her as Personal Representative and ultimately lack true independence.

**E.     Alternatively, Movants Request Brief Stay of Proceeding Pending Appointment by Probate Court of an Administrator Ad Litem:** To the extent this Court is not inclined to permit Movants to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, Movants request the Court enter a temporary stay pending determination by the Probate Court Movants' petitions for appointment of an Administrator Ad Litem to represent the interests of the Estate in this matter. *See Continental National Bank, supra*; *Wolf v. Reed*, 389 So. 2d 1026 (Fla. 3d DCA 1980)("an administrator ad litem is a court-appointed advocate for the interests of an estate, where those interests are jeopardized, and where the acting representative, if any, will not or cannot defend them.") (citations omitted).

The facts set forth herein demonstrate the existence of a conflict of interest between BERGMAN's individual interests and that of the Estate that warrants a temporary stay to permit Movants to seek appointment of an Administrator Ad Litem from the Probate Court.

WHEREFORE, Movants respectfully requests this Honorable Court grant them permission to intervene as a party Co-Defendant in this matter, or alternatively, for a brief stay of this proceeding to permit the Probate Court to determine Movants' motion for appointment of a limited

Administrator Ad Litem to represent Defendant Estate of Paul S. Labiner herein, and for such other and further relief the Court deems just and proper.

Respectfully submitted this 23nd day of January 2024,

**DAVIS GOLDMAN, PLLC**
*Attorneys for VINCENT DEL BORRELLO, individually, and as attorney in fact for FRANCINE DELL ("DEL BORRELLO"), HARRY KLAMPERT ("H. KLAMPERT"), and PHYLLIS KLAMPERT, a minor, by and through her guardian, JOANNA WATSON ("P. KLAMPERT")*
1221 Brickell Ave., Suite 1860
Miami, FL 33131
Telephone:      (305) 800-6673
Facsimile:      (305) 675-7880
Primary Email:     jgoldman@davisgoldman.com
Secondary Email:  eservice@davisgoldman.com

By:   */s/ Jason Goldman*
JASON N. GOLDMAN, ESQ.
Fla. Bar. No.: 72527
MAIDENLY MACALUSO, ESQ.
Fla. Bar No. 990728

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by e-mail via the Florida Courts eFiling Portal (pursuant to Rule 2.516, Florida Rules of Judicial Administration and Administrative Order SC13-49) to the person(s) identified on the attached service list on this 23nd day of January 2024.

By:   */s/ Jason Goldman*
JASON N. GOLDMAN, ESQ.
Fla. Bar. No.: 72527

## SERVICE LIST

Rachel Ann Oostendorp, Esq.
Scott Everett Byers, Esq.
CARLTON FIELDS JORDEN BURT PA
100 SE 2nd Street
Suite 4200
Miami, FL 33131
(305) 539-7260
Fax: (305) 539-0055
Email: roostendorp@carltonfields.com;
sbyers@carltonfields.com
*Counsel for Allianz Life Insurance Company
of North America*

Kelsey K Black, Esq.
1401 East Broward Blvd.
Suite 204
Fort Lauderdale, FL 33301
954-320-6024
Fax: 954-320-6005
Email: kb@blacklawpa.com
*Counsel for Arielle Bergman*

Sulany Perez, Esq.
LIEBLER, GONZALEZ , PORTUONDO
44 West Flagler Street
25th Floor
Miami, FL 33130
(305) 379-0400
Fax: (305) 379-9626
Email: sp@blacklawpa.com
*Counsel for Arielle Bergman*

Jeffrey Carl Weinstein, Esq.
MITTENTHAL WEINSTEIN LLP
3100 S Federal Highway
Suite B
Delray Beach, FL 33483
561-862-0955
Fax: 561 665-5028
Email: weinstein@mw-attorneys.com
*Counsel for The Estate of Paul S. Labiner*