UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-81487-MIDDLEBROOKS

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Plaintiff,

v.

BRANDON LABINER, ARIELLE
BERGMAN, and THE ESTATE OF
PAUL S. LABINER,

    Defendants.

_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS AND DENYING REQUEST TO INTERVENE

THIS CAUSE comes before the Court on the Renewed Motion to Intervene or Alternatively for Stay Pending Probate Appointment of Administrator *Ad Litem* for Estate of Paul S. Labiner. (DE 19). For the following reasons, the Motion is denied in its entirety.

Plaintiff Allianz Life Insurance filed this Interpleader Complaint against Defendants on November 14, 2023. Paul S. Labiner is the deceased father of Brandon Labiner and Arielle Bergman. Paul Labiner, as an insurance agent with Plaintiff, enrolled in the Plaintiff-provided "Agent Deferred Compensation Plan" from 2005 to 2013. Mr. Labiner designated the beneficiaries of the plan as Brandon and Arielle; each was to receive a 50 percent share of the Plan's "Death Benefit," which provides that the designated beneficiaries receive the balance of the Plan in a lump sum following the death of the agent. The Compensation Plan is to be distributed in accordance with Minnesota law.

Paul Labiner died on July 1, 2023. He was murdered by his son Brandon, who subsequently committed suicide while awaiting trial for his father's murder. Minnesota law provides that an individual who feloniously and intentionally kills a victim is not entitled to inherit from the victim's estate. *See* Minnesota State § 524.2-803. Minnesota law also prohibits an insurance company from distributing payment of the policy proceeds to any beneficiary without a court order. *See id.* Accordingly, Plaintiff filed this interpleader action seeking a Court order allowing it to deposit Paul Labiner's Death Benefit into the Court registry and directing the Defendants to interplead their rights to such sum. At issue is whether Brandon's designated 50 percent belongs to Paul Labiner's estate, or if it belongs to Arielle as the only other named beneficiary.

Now, nonparties Vincent Del Borello (individually and as attorney in fact for Francine Dell), Harry Klampert, and Phyllis Klampert (a minor, by and through her guardian Joanna Watson) move to intervene in this action as codefendants. Alternatively, they move to temporarily stay this proceeding pending the probate court's appointment of a limited administrator ad litem for the Estate of Paul S. Labiner. The Movants represent that Arielle currently serves as the personal representative of Paul Labiner's estate, and they argue that Arielle cannot adequately represent the Estate's interests, like the Movants can. Arielle apparently seeks to claim the other 50 percent interest—which would have otherwise belonged to her brother—in probate proceedings that are currently commenced in Florida state court. Movants represent that they are principal creditors of Paul Labiner's estate due to claims that predated Paul Labiner's death. The claims arise from alleged mismanagement of three trusts established through Paul Labiner's contract with Plaintiff of which the Movants are beneficiaries.

Arielle objects to the Movants' request to intervene as codefendants. In Response, she represents that she has acknowledged the potential conflict in probate court and has requested the

2

appointment of an administrator ad litem to represent the interests of the Estate and its creditors in this interpleader action. The petition is unopposed and expected to be granted on January 31, 2024.

The Federal Rules of Civil Procedure requires a district court permit anyone to intervene who

> (2) claims an interest relating to the property that is the subject of the action, and is so situated that disposing of the action may . . . impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest.*

Fed. R. Civ. P. 24(a)(2) (emphasis added); *see Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir. 2008). Additionally, the rules allow for permissive joinder; a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Such a decision "is wholly discretionary with the court." *Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

I do not find that Movants have established a right to intervene under Federal Rule of Civil Procedure 24(a)(2). In every case, there is a presumption of adequate representation "when an existing party seeks the same objectives as the would-be intervenors." *Clark v. Putnam Cnty.*, 168 F.3d 438, 461 (11th Cir. 1999). The Estate of Paul Labiner is a party in this interpleader action. The Movants claim that they can *better represent* the Estate's interests than Arielle, who currently serves as the personal representative of the Estate. However, that does not change the fact that the Movants have the same objective as a current party in this case—an order from this Court declaring each Defendant's interest in the remaining 50 percent of the Death Plan.

Further, I do not find that permissive intervention is proper at this point. The probate court is apparently set to appoint an administrator ad litem in Arielle's place. The appointment of such a neutral administrator will ensure that the Estate's principal interests and the rights of its creditors are fully and adequately protected. There is no reason to believe that the interests of the Estate, as represented by the administrator ad litem, and the interests of the Movants will not align. *See Woolf*

3

*v. Reed*, 389 So.2d 1026, 1028 (Fla. Dist. Ct. App. 1980) ("[A]n administrator ad litem is a court-appointed advocate for the interests of an estate, where those interests are jeopardized, and where the acting representative, if any, will or cannot defend them.").

Alternatively, the Movants request that I stay these proceedings following the appointment of an administrator ad litem in probate court. Defendant Arielle does not object to this requested relief. However, in her Response, she also indicates that such an appointment is expected to occur on January 31, 2024. I decline to stay the proceedings due to the fact that the appointment of an administrator ad litem is impending. I have already extended the deadline for the Parties to amend the pleadings and for the Defendants to answer/respond to the Complaint (DE 17). Such extensions should address the concerns raised by the requested stay. Should the appointment of an administrator ad litem by the probate court be delayed for some reason, the Movants and the Defendants can feel free to renew their motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Movants' Renewed Motion to Intervene, Alternatively for Stay of Proceeding Pending Probate Court's Appointment of Limited Administrator *Ad Litem* for Defendant Estate of Paul S. Labiner (DE 19) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this ____ day of February, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record